UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO HUY PHAN,<br><br>       Petitioner,<br><br>   v.<br><br>WARDEN OF THE OTAY MESA DETENTION FACILITY, *et al.*,<br><br>       Respondents. | 1:25-cv-01153-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

Petitioner Hao Huy Phan, a federal detainee proceeding pro se, initiated this action on September 8, 2025, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his detainment in San Diego County, which is in the Southern District of California. This Court lacks jurisdiction over the Respondent (the warden of the out-of-district facility where Petitioner is in custody). *See generally Doe* v. Garland, 109 F.4th 1188 (9th Cir. 2024), *pet. for rehrng. en banc or panel rehrng denied*, No. 23-15361 (9th Cir. May 29, 2025). Therefore, the petition should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. *See* 28 U.S.C. § 1631; *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (transferring habeas action pursuant to § 1631).[1]

---

[1] Petitioner alleges that the San Francisco Field Office of ICE "is a legal custodian of Petitioner."

1

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:  **September 9, 2025**

UNITED STATES MAGISTRATE JUDGE

---

(Doc. 1 at ¶ 9). However, for core habeas petitions (such as the petition here), a petitioner must name his immediate custodian, the warden of the facility where he is detained, as the respondent to his petition, and not a supervisory custodian. *See Doe,* 109 F.4th at 1195-97.

2